**THOMAS RADIO CO., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee.**

No. 82–1828.

United States Court of Appeals, District of Columbia Circuit.

Argued March 16, 1983.

Decided Aug. 30, 1983.

---

David G. Rozzelle, with whom Frank U. Fletcher, Washington, D.C., was on brief, for appellant.

John P. Greenspan, Atty., F.C.C., with whom Marjorie S. Reed, Acting Gen. Counsel, Daniel M. Armstrong, Associate Gen. Counsel, and Nancy E. Stanley, Asst. Gen. Counsel, F.C.C., Washington, D.C., were on brief, for appellee.

Before WILKEY and GINSBURG, Circuit Judges, and FRIEDMAN,* Circuit Judge, United States Court of Appeals for the Federal Circuit.

Opinion for the Court filed by Circuit Judge WILKEY.

WILKEY, Circuit Judge:

Appellant Thomas Radio Co. challenges a decision of the Federal Communications Commission (the "FCC") that denied appellant's request for a waiver of an FCC rule governing dual city identification. The rule prohibits a radio station from officially identifying itself with a city to which it is not licensed when the station does not cover the city with a specified signal strength.[1] We affirm the decision of the FCC, despite our doubts about the wisdom of the FCC's action in this case.[2] We hope that the FCC's new rulemaking now in progress will make future appeals of this type unnecessary.

## I. BACKGROUND

FCC rules require that a radio station periodically identify itself on the air by announcing its call letters and the community to which the station is licensed.[3] A radio station may officially identify on the air with an additional community only when the FCC has given it specific, written

---

* Sitting by designation pursuant to 28 U.S.C. § 291(a).

1. 47 C.F.R. § 73.1201(b)(2) (1982).

2. This court's jurisdiction is based on 47 U.S.C. § 402(b) (1976).

3. 47 C.F.R. § 73.1201(a), (b) (1982). Section 73.1201(b)(2) provides:
    Where given specific written authorization to do so, a station may include in its official station identification the name of an addition-

al community or communities, but the community to which the station is licensed must be named first.
    (i) Such applications for additional-community identification will be considered only if the community or communities are within the station's principal-city contours as defined by § 73.188(b) for AM stations . . . .
47 C.F.R. § 73.1201(b)(2) (1982).

authorization to do so.[4] According to FCC rules, a radio station's application for additional community identification will be considered only if the additional community or communities are within the station's principal city contours.[5] That is, the additional community with which the station seeks to identify must receive the minimum signal strength coverage required by the rules for the station's principal city of license. For AM radio stations, FCC rules specify a minimum principal city signal coverage of 25 millivolts per meter ("mV/m") over the business or factory areas of a city and a 5 mV/m contour over the residential areas of a city.[6]

Appellant Thomas Radio Co. ("Thomas") is the licensee of AM radio station WOAY, Oak Hill, West Virginia. On 20 March 1980 Thomas filed a request for dual city identification with the FCC, seeking to identify itself officially as "WOAY, Oak Hill—Beckley" rather than as "WOAY, Oak Hill." Oak Hill is located approximately 40 miles southeast of Charleston in a mountainous area of West Virginia and in 1970 it had a population of 4,738.[7] Beckley, with a population of 19,884, is about 15 miles south of Oak Hill.[8]

Thomas's application to the FCC for dual city identification requested a waiver of the FCC rule that requires principal city signal coverage over the additional community with which a station seeks to identify. In particular Thomas sought a waiver of the requirement that AM radio stations cover the additional city's business areas with a 25 mV/m signal contour. In its letter to the FCC Thomas acknowledged that it did not place a contour of at least 25 mV/m over the business areas of Beckley but it argued that a waiver of the rule should be granted because of the physical characteristics of Beckley and the quality of WOAY's service to that community. Thomas described Beckley's business areas as comprising mostly two and three story buildings and it characterized the business areas as "suburban" in nature. In addition Thomas submitted an engineering statement showing that WOAY's signal strength over all of Beckley was greater than 5 mV/m, which is the rule's minimum contour requirement for principal city coverage over a city's residential areas.[9] In support of its request for a waiver, Thomas cited two prior FCC determinations that had waived the principal city coverage requirement in permitting multiple city identification.[10]

The Chief of the Broadcast Bureau of the FCC denied Thomas's request for a waiver of the rule in April of 1980.[11] The Chief stated that requests for dual city identification were granted as a matter of policy only when both the principal and the second community received principal city signal coverage. Furthermore, the Chief stated that denial of Thomas's request for a waiver would not result in hardship to WOAY, because FCC policy permits a station that fails to meet the required signal coverage for dual city identification to identify *promotionally* with communities in its lesser coverage areas.[12]

---

4. Broadcasters may seek such additional community identification as a means of increasing their advertising revenues. *See Sudbrink Broadcasting, Inc. v. FCC,* 509 F.2d 418, 420 (D.C.Cir.1974).

5. 47 C.F.R. § 73.1201(b)(2)(i) (1982).

6. 47 C.F.R. § 73.188(b) (1982).

7. Joint Appendix (J.A.) at 1.

8. *Id.* at 1–2.

9. *Id.* at 1–2. Thomas also noted certain common interests of Oak Hill and Beckley and stated that the station received nearly half of its advertising revenues from Beckley merchants.

10. *Eastern Idaho Television Corp.,* F.C.C. 76–416, 37 Rad.Reg.2d (P & F) 262 (1976); *Hancock County Broadcasters,* F.C.C. 76–1142, Mimeograph No. 43476 (1976).

11. J.A. at 18.

12. A station which has obtained permission for dual city identification may identify itself as "Station XXXX, Principal City and Second City." A station without such official dual city identification permission is nonetheless permitted to identify promotionally with a second community, by such announcements as "Station XXXX, Principal City, serving Principal City and Second City." *See* Broadcast Station Identification Requirements, 10 F.C.C.2d 399, 407 (1967).

On 12 May 1980 Thomas petitioned the FCC for reconsideration of the decision denying WOAY permission to identify as "Oak Hill—Beckley, West Virginia." Thomas argued that the rule's 25 mV/m coverage requirement for business areas should be waived, because Thomas satisfied the purpose of the rule by providing a "very strong signal" over Beckley's shopping district.[13] Thomas reiterated its position that the rule's 5 mV/m coverage requirement for residential areas, rather than the 25 mV/m coverage requirement for business areas, should govern its application, because of the suburban character of Beckley's business district.

The FCC denied Thomas's request by Memorandum Opinion and Order, adopted 10 June 1982. In its order the FCC acknowledged that it had occasionally granted waivers of the minimum signal coverage requirements under circumstances similar to those presented by Thomas's petition. However, it stated that those decisions were not well founded and would no longer serve as precedents. It concluded that neither the provision of a strong signal to the second community nor the suburban nature of the additional community's business district would justify dual city identification when principal city coverage was lacking.[14] Furthermore, it again stated that denial of Thomas's waiver request would not cause WOAY any real hardship because the station was permitted to identify promotionally with the second community.[15] This appeal ensued.

## II. ANALYSIS

Thomas makes two principal arguments on appeal. First, it argues that the FCC improperly changed agency policy when the FCC refused to grant Thomas a waiver of the rule's signal coverage requirement.

Thomas points to two prior cases in which the FCC had granted waivers of signal coverage requirements under circumstances similar to the factual showing made by Thomas. Thomas contends that the FCC abused its discretion by failing to supply a reasoned basis for overruling the two waiver cases.

Second, Thomas argues that the FCC abused its discretion by abrogating a basic responsibility to consider requests for waivers of the signal coverage rule. Thomas contends that the FCC in effect adopted a policy of refusing to consider *any* waivers of the signal coverage rule when it found Thomas's factual showing insufficient for a waiver of the signal coverage requirement. That policy, Thomas argues, violates the agency's obligation to provide a safety valve procedure for considering exemptions of the general coverage rule.

We operate within a narrow scope of judicial review on an appeal of an FCC order denying a waiver request. An applicant for a waiver not only bears the burden of convincing the agency that it should depart from the rules, but, on judicial appeal, the applicant must show that the agency's reasons for declining the waiver were "so insubstantial as to render that denial an abuse of discretion."[16] Given this court's limited scope of review, the FCC's decision not to follow two prior FCC cases which waived the principal city signal requirement is not cause to vacate the order. In changing its course of policy, an agency is obligated to indicate that prior policies are being expressly changed and not casually ignored.[17] The FCC's opinion here, however, did not cross the line from the "tolerably terse" to the "intolerably mute." The opinion deliberately overruled two prior precedents that had waived the FCC's rule and it

---

**13.** J.A. at 15–17.

**14.** *Thomas Radio Co.,* F.C.C. 82–277, 51 Rad. Reg.2d (P & F) 1151 (1982).

**15.** *See supra* note 12.

**16.** *Sudbrink Broadcasting, Inc. v. FCC,* 509 F.2d 418, 422 (D.C.Cir.1974); *WAIT Radio v. FCC,* 459 F.2d 1203, 1207 (D.C.Cir.), *cert. de-*

*nied,* 409 U.S. 1027, 93 S.Ct. 461, 34 L.Ed.2d 321 (1972).

**17.** *Greater Boston Television Corp. v. FCC,* 444 F.2d 841, 852 (D.C.Cir.1970), *cert. denied,* 403 U.S. 923, 91 S.Ct. 2233, 29 L.Ed.2d 701 (1971).

articulated reasons for the FCC's unwillingness to follow those decisions.[18]

Furthermore, the appellant has not shown that the FCC abrogated any general duty it may have had to consider waivers of the rule as a matter of due process of law in the administrative context. The FCC's opinion stated that factual showings of the type made by Thomas did not justify a waiver of the coverage requirements, but it did not foreclose applications for waivers based on other considerations.[19] Because the FCC did not adopt an absolute no-waiver policy in the context of dual city coverage requirements, we need not decide whether such a policy, if adopted, would be so inflexible as to constitute an abuse of agency discretion.[20]

While the FCC's action here falls short of arbitrary and capricious conduct warranting this court setting it aside, we doubt the soundness of the FCC's decision in this case. The FCC's order denying Thomas a waiver of the rules demonstrates very little practicality, and we are, therefore, encouraged by the agency's assurance to us that it is undertaking a reformulation of its policies on dual city identification.[21] The FCC has conceded that there is little difference to the listening public between hyphenated dual city identification, which the FCC denied Thomas permission to use, and promotional identification with an additional city, which the FCC would allow.[22] Given that slight difference to the listening public and thus to competing stations, we hope that the FCC's new rulemaking will consider the judicial time involved in the litigation of denials of waivers as well as the time expended by its own staff in processing waiver requests.

Furthermore, we are concerned about the reasonableness of the rule's distinction between business and residential areas as applied to nonurban communities. What may be an appropriate distinction in coverage requirements between business and residential sections in truly urban areas may have little reasonable application to the business and residential areas of more rural communities, such as the mountainous regions of West Virginia involved in this litigation. Our deference to the FCC in this case is influenced by the FCC's assurances to us that it is revising its policy on signal coverage requirements for dual city identification, and we hope that it will consider these factors in its reformulation of policy.

Although we have doubts about the wisdom of the FCC's action, its order survives the limited judicial scrutiny permitted here.

Accordingly, the decision of the FCC is

*Affirmed.*

**18.** *Cf. Doubleday Broadcasting Co. v. FCC,* 655 F.2d 417 (D.C.Cir.1981).

**19.** *See Thomas Radio Co.,* 51 Rad.Reg.2d (P & F) 1151 (1982); Brief for the Appellee at 17–18.

**20.** *See FCC v. WNCN Listeners Guild,* 450 U.S. 582, 601 n. 44, 101 S.Ct. 1266, 1278 n. 44, 67 L.Ed.2d 521 (1981) (noting that the Supreme Court has not held that the FCC may never adopt a rule that lacks an accompanying waiver procedure); *Southwest Pennsylvania Cable TV, Inc. v. FCC,* 514 F.2d 1343, 1347 (D.C.Cir. 1975) (waivers may be necessary to afford due process); *WAIT Radio v. FCC,* 418 F.2d 1153 (D.C.Cir.1969) (FCC must consider waiver requests when applicant makes a nonfrivolous first amendment claim).

**21.** The FCC has indicated that it is considering a proposal to permit dual city identification

without regard to the signal coverage of the second city. *See* Amendment of Section 73.-1201(b)(2) of the FCC's Rules: Additional City Identification, BC Docket No. 82–374, F.C.C. 82–305, 47 Fed.Reg. 32,957 (1982). In addition the FCC adopted a Notice of Proposed Rule Making seeking deletion of the requirement that AM broadcast stations have a principal city contour signal of 25 mV/m over the business districts of the city. *See* Amendment of the AM Broadcast Station Rules With Respect to Signal Coverage Requirements Over Community Business and Factory Areas, MM Docket No. 83–15, F.C.C. 83–11, 48 Fed.Reg. 3,385 (1983).

**22.** Brief for the Appellee at 11–12.