**Francis S. HALL, Appellant,**

v.

**James A. BAKER, Secretary, U.S. Department of State.**

**No. 88–5049.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 18, 1989.

Decided Feb. 14, 1989.

Robert B. Fitzpatrick, with whom David R. Cashdan, Washington, D.C., was on the brief, for appellant.

Diane Sullivan, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before: RUTH BADER GINSBURG, STARR and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge STARR.

STARR, Circuit Judge:

This is an appeal mounted by a former foreign service officer from a judgment of the District Court upholding a decision of the Foreign Service Grievance Board. The principal issue is whether the Board acted lawfully in holding that it did not have jurisdiction to entertain the claim presented. On review, we conclude that the Board departed without reasoned explanation from its previously announced understanding of the scope of its jurisdiction.

I

Francis S. Hall was a foreign service officer (FSO) from 1960 to 1982. During the course of his State Department career, Hall served in such diverse places as Japan, Vietnam, England, Venezuela, Mexico, and Washington, D.C. His performance in these various posts was evaluated by the

State Department under the provisions of the Foreign Service Act.[1]

We summarize briefly the pertinent facts with respect to Hall's various reviews. In 1978, a Foreign Service Selection Board "low-ranked" Hall in its annual review of the relative performance of all FSOs in each salary class.[2] This ranking, along with all files and other material relevant to Hall's performance, was then forwarded to the Foreign Service Performance Standards Board ("PSB") for review.[3] After an independent examination of his case, the PSB designated Hall for involuntary retirement. The PSB thereupon notified Hall by letter that he had been "selected out" of the Service; it further advised him that he could appeal this determination to a Special Review Board. The letter did not mention that Hall had an alternative avenue of relief, by way of an appeal to the Foreign Service Grievance Board. 22 U.S.C. § 4131(a) (1982).

Hall thereupon brought an appeal before a Special Review Board ("SRB").[4] SRBs are required by their own regulations (dubbed "Precepts") to make three inquiries on appeals of selections out: (a) whether the selection out is based on prejudicially inaccurate or incomplete documentary materials; (b) whether the PSB complied with its own Precepts; and (c) whether the officer's performance was temporarily affected by factors beyond his or her control that are not likely to recur. 3 Foreign Affairs Manual Circular (FAMC) No. 753 (June 9, 1978); Record of Proceedings (R.O.P.) at 194.

After hearing testimony from Hall and two other witnesses, and considering Hall's performance file and written submissions, the SRB upheld the PSB's determination. *See* 1979 Special Review Board Decision on the Appeal of Francis S. Hall; Supplemental Appendix (S.A.) at 1; 22 U.S.C. § 4008(a) (providing that "administrative review of the performance of the member ... shall include an opportunity for the member to be heard"). The SRB was impressed, however, with Hall's dedication and integrity, and therefore recommended that his selection out be deferred so that he would be eligible for a retirement annuity. *See* SRB Decision at 5; S.A. at 5. The Director General agreed with the SRB's recommendation, and Hall's retirement was, in consequence, postponed until mid–1982.

Subsequently, Hall filed several grievances with the Foreign Service Grievance Board ("FSGB" or "Board"),[5] including the

**1.** Hall's efforts to secure relief prior to February 15, 1981 were governed by the Foreign Service Act of 1946, ch. 957, Title I, §§ 111 *et seq.,* 60 Stat. 999 (1946) (codified at 22 U.S.C. §§ 801 *et seq.* (1976)). *See* 22 U.S.C. § 4172 (1982). Hall's actions after this date, including the appeal to the Foreign Service Grievance Board at issue here, are governed by the Foreign Service Act of 1980, Pub.L. No. 96–465, 94 Stat. 2074 (1980) (codified at 22 U.S.C. §§ 3901 *et seq.* (1982)).

**2.** Foreign Service Selection Boards are established pursuant to 22 U.S.C. § 4002 (1982). Rankings by such Selection Boards are used to award promotions to superior performers and to identify substandard performers. The criteria for making these determinations are set forth in State Department regulations. *See* Precepts for the 1978 Selection Boards, 3 Foreign Affairs Manual Circular (FAMC) No. 755 (June 13, 1978); Record of Proceedings (R.O.P.) at 155.

**3.** Foreign Service Performance Standards Boards are constituted by State Department regulation pursuant to 22 U.S.C. § 4008 (1982).

Their purpose is to "examine independently the files and other material" concerning officers low-ranked by a Foreign Service Selection Board, and to "designate for selection out those whose performance ... [,] deficiencies in work related personal qualities and professional skills, or ... limited potential indicates that they should be separated from the Service." Precepts for the Performance Standards Boards, 3 FAMC No. 746, § B(1)(c) (March 28, 1978); R.O.P. at 185.

**4.** Special Review Boards are also constituted by Department regulation pursuant to 22 U.S.C. § 4008 (1982). *See* Precepts for the Special Review Board, 3 FAMC No. 753 (June 9, 1978); R.O.P. at 192.

**5.** The Foreign Service Grievance Board ("FSGB") is established pursuant to 22 U.S.C. § 4135 (1982). It is comprised of five persons, not employees of the State Department or members of the foreign service, who are appointed by the Secretary of State from a list of nominees approved by both the agencies regulated under the Act and the exclusive union representative (if any) for each such agency. *See* 22 U.S.C.

issue of his selection out.[6] Hall challenged his involuntary retirement on a number of grounds, including claims that the SRB considered prejudicial information not properly before it; that the SRB failed to follow its own Precepts; and that he had not been given proper notice of his right to appeal to the FSGB. The FSGB did not reach the merits of Hall's claim, however, as it declined to accept jurisdiction over the grievance. Quoting section 1109(a) of the Foreign Service Act, the FSGB stated:

"[A] grievant may not file a grievance with the [FSGB] if the grievant has formally requested, prior to filing a grievance, that the matter or matters which are the basis of the grievance be considered or resolved and relief be provided under another provision of law, regulation or Executive Order ... and the matter has been carried to final decision under such provision on its merits or is still under consideration."

FSGB Decision at 5–6 (quoting 22 U.S.C. § 4139(a) (1982)); S.A. at 11–12. According to the FSGB, Hall was "endeavoring to emphasize a different interpretation of essentially the same facts presented to the SRB in 1979, a proceeding in which he unsuccessfully appealed his selection out." FSGB Decision at 5; S.A. at 11. Since the SRB proceeding was carried to final decision, *see* SRB Precepts, 3 FAMC No. 753, § G(2) (June 9, 1978); R.O.P. at 200, the FSGB concluded that "grievant's selection out ... is not a matter properly before this Board." FSGB Decision at 5; S.A. at 11.

Hall sought review of the FSGB's decision in the United States District Court. 22 U.S.C. § 4140 (1982). The District Court affirmed the FSGB's jurisdictional determination to the extent that the issues presented to the FSGB were the same as those presented to the SRB. However, the court apparently interpreted the term "matter or matters" in 22 U.S.C. § 4139(a) differently than had the FSGB. While the Board viewed "matter or matters" as being, broadly, Hall's selection out, the District Court viewed the phrase as referring to individual claims advanced by Hall regarding his selection out. Despite the disparity in interpretations, the District Court affirmed the FSGB's decision in all respects. *See Hall v. Shultz*, No. 86–2049, mem. op. (D.D.C. Jan. 5, 1988); Joint Appendix (J.A.) at 161. This appeal followed.

## II

Hall's central claim is that the FSGB erred in declining to accept jurisdiction over his grievance. In particular, he alleges that the Board unreasonably interpreted "matter or matters" in 22 U.S.C. § 4139(a) to mean Hall's selection out. To evaluate the FSGB's interpretation, we would normally apply the familiar principles of *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and its progeny. Here, however, Hall has effectively pretermitted our traditional *Chevron* inquiry by his assertion that the FSGB has departed, without reasoned explanation, from its previously-announced interpretation of the "matter or matters" language. As a threshold issue, therefore, we are called on to assess Hall's "unreasoned departure" contention under the arbitrary and capricious standard. *See* 22 U.S.C. § 4140 (1982) (referencing 5 U.S.C. § 706 (1982)).

In support of his contention of "unreasoned departure," Hall cites FSGB Exci-

§ 4135(a), (b) (1982). The list of "grievable" subject matters is broad, including "separation of the member allegedly contrary to laws or regulations, or predicated upon alleged inaccuracy, omission, error, or falsely prejudicial character of information in any part of the official personnel record of the member." 22 U.S.C. § 4131(a)(1)(A) (1982).

6. In an earlier, 1981 grievance involving matters relating to his selection out, Hall stated before the FSGB that he only sought removal of certain materials from his performance file that he believed could hinder his efforts to obtain future employment. In response, the Department of State entered into a settlement agreement with Hall whereby the Department agreed to make changes in his personnel file and Hall agreed not to pursue future litigation. *See* FSGB Decision at 3; S.A. at 9. Despite this agreement, Hall pursued his selection out as a grievance before the FSGB in 1983. *Id.* The relationship, if any, of that agreement to Hall's present lawsuit has not been raised.

sions No. G–006 (October 29, 1982); J.A. at 96. In that case, the FSGB endorsed the view "that if the claims made in [the] grievance before [it] . . . are also matters previously raised with and considered by the [SRB], [the FSGB] would, by Section 1109 of the Foreign Service Act [§ 4139(a)], be precluded from consideration of those same matters." *Id.* at 8; J.A. at 104. In effect, the FSGB in its prior decision interpreted § 4139(a) as an issue preclusion provision. Consequently, in determining whether it had jurisdiction over the grievance, the Board in the prior case closely examined the "nature and thrust" of the grievant's various claims before the SRB in order to determine whether they were "substantially similar" to the claims presented to it. *See id.* at 8–13; J.A. at 104–09. The FSGB then concluded that it lacked jurisdiction, but only after determining that the substance of grievant's claims "constituted an essential and significant part" of his case before the SRB. *Id.* at 9; J.A. at 105. As we read its prior precedent, the FSGB previously interpreted "matter or matters" to mean particular issues underlying a grievant's appeal of his selection out, not the selection out itself.[7]

This earlier interpretation is, of course, contrary to the view adopted by the Board in the case at hand. Here, the FSGB interpreted "matter or matters" to mean, in effect, claim preclusion, not issue preclusion. *See* FSGB Decision, at 6; S.A. at 12 ("Grievant's previous appeal to the SRB on the matter of his selection out having been carried to a final decision, he was from that point on barred from filing a grievance on the matter with this Board."). Furthermore, the Board provided no explanation for its new interpretive approach, nor any

indication that it was even aware of its previous decisions. Of course, an agency is at liberty to revisit existing interpretations of statutes that the agency is called on to administer, but it is also a familiar (and fundamental) tenet of administrative law that "[t]he failure to admit or explain . . . a basic change in the interpretation of a statutory standard to be applied to conduct of the public undermines the integrity of the administrative process." *Hatch v. Federal Energy Regulatory Commission,* 654 F.2d 825, 835 (D.C.Cir.1981); *see N.L. R.B. v. Washington Star Co.,* 732 F.2d 974, 977 (D.C.Cir.1984); *see also National Black Media Coalition v. F.C.C.,* 775 F.2d 342, 355 (D.C.Cir.1985) ("[I]f the agency wishes to depart from its consistent precedent it must provide a principled explanation for its change of direction."); *Thomas Radio Co. v. F.C.C.,* 716 F.2d 921, 924 (D.C.Cir.1983) ("[I]n changing its course of policy, an agency is obligated to indicate that prior policies are being expressly changed and not casually ignored."). Here, the FSGB provided no explanation whatever for its departure from its prior interpretation of the statute. The Board has thus been "intolerably mute" in the course of altering its interpretive position, *see Greater Boston Television v. F.C.C.,* 444 F.2d 841, 852 (D.C.Cir.1970), *cert. denied,* 403 U.S. 923, 91 S.Ct. 2233, 29 L.Ed. 2d 701 (1971), and has therefore arbitrarily violated the "presumption against unexplained changes in agency interpretations." *Japan Air Lines Co., Ltd. v. Dole,* 801 F.2d 483, 486 (D.C.Cir.1986).

Accordingly, we are obliged to vacate the District Court's judgment, with instructions to remand this case to the FSGB for further consideration. Our decision in this

---

7. Hall cites FSGB Excisions No. 396 (date excised); J.A. at 65, as another example of prior FSGB precedent where the Board construed "matter or matters" to mean particular issues underlying an appeal, as opposed to the ultimate question or matter to be resolved. There, an FSO designated for selection out had appealed to an SRB. The SRB reversed the PSB's designation on the grounds that material in the appellant's file was biased. Appellant wanted more than a simple reversal of the PSB, however; he wanted to be considered for a promotion, lest he be selected out again for spend-

ing the maximum allowable time at his particular rank. Since this was relief that the SRB could not give him, he appealed to the FSGB. The FSGB found his claims meritorious, and ordered procedural adjustments in his rank status (and personnel file) so that he could be considered for a promotion. Thus, even though the SRB had already considered the "matter" of appellant's selection out, the FSGB accepted jurisdiction to resolve additional questions raised by the SRB's determination. This interpretation is likewise at odds with the FSGB's pronouncement in the present case.

**697**

regard obviously renders unnecessary any review of the "reasonableness" of the agency's statutory interpretation, since we have no way of divining what the agency, on remand, may conclude. Our disposition also obviates the need to address Hall's claim of improper notice.[8]

*Judgment accordingly.*

8. We note, however, that any deficiency in the notice has since been cured. Current Personnel Department letters informing FSOs of their rights to appeal a selection out decision of a PSB make specific reference to both the SRB and the FSGB. *See* Memorandum of Points and Authorities in Support of Grievance Regarding Selection Out, at 27 n. 54; R.O.P. at 131.