962 F.2d 1076
 295 U.S.App.D.C. 284
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Walter P. FABER, Jr., Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
 No. 91-1335.
 United States Court of Appeals, District of Columbia Circuit.
 June 4, 1992.
Rehearing Denied July 30, 1992.
 
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and KAREN LECRAFT HENDERSON, Circuit Judges
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the Federal Communications Commission and on the briefs and oral arguments of counsel. The court is satisfied, after full review of the matter, that appropriate disposition of the issues presented does not require a published opinion. See D.C.Cir.Rule 14(c). It is accordingly
 
 
 2
 ORDERED AND ADJUDGED, for the reasons stated in the accompanying memorandum, that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Walter P. Faber, Jr. appeals the decision of the Federal Communications Commission (Commission or FCC) denying his application to modify his existing construction permit for KQMB-FM, Midvale, Utah. Faber proposed to relocate his transmitter to a site 18 kilometers from the broadcasting facility of KTLE-FM, Tooele, Utah, necessitating a waiver of the FCC's minimum distance separation requirements for IF-related FM stations. See 47 C.F.R. § 73.207 (currently requiring a separation of 28 kilometers). Faber submitted a technical proposal to avoid any overlap of the 20 mV/m contours of KQMB and KTLE through use of a directional antenna.
 
 
 5
 The Commission's Mass Media Bureau (Bureau) denied Faber's waiver request principally because he did not make a threshold showing that no suitable site in fuller compliance with the distance separation requirement was available. The FCC denied Faber's two successive petitions for reconsideration; in both dispositions, the Commission upheld the Bureau's insistence that, to obtain a waiver of the spacing rules, the applicant must make a threshold demonstration that "suitable non-short-spaced sites are unavailable and that the site selected is the least short-spaced of all possible sites." Faber could make no such showing because the permit he holds is for an available, fully-spaced site.
 
 
 6
 In its second order denying reconsideration, the FCC ultimately acknowledged that Commission decisions prior to 1980-81, and Bureau staff actions in the years 1981-85, did not impose on applicants seeking a waiver of IF spacing requirements a threshold showing of alternate site unavailability "if there was no 20 mV/m contour overlap." Walter P. Faber, Jr., 6 F.C.C.R. 3601, 3602 p 7 & n. 4 (1991). We do not discern in Commission dispositions prior to the proceeding on review, adequate recognition and explanation of the FCC's changed course. See WLOS TV, Inc. v. FCC, 932 F.2d 992 (D.C.Cir.1991) (agency departing from preexisting policy in an administrative adjudication must provide " 'a reasoned analysis indicating that prior policies and standards are being deliberately changed, not casually ignored' ") (quoting Greater Boston Television Corp. v. FCC, 444 F.2d 841, 852 (D.C.Cir.1970), cert. denied, 403 U.S. 923 (1971)).
 
 
 7
 Appellant has addressed the Review Board's decision in John Lamar Hill, 70 F.C.C.2d 153 (Rev.Bd.1978), review denied, 86 F.C.C.2d 1264 (1981), the Commission's opinion in Lockhart, Texas, 81 F.C.C.2d 171, 176 (1980), and the FCC's 1989 orders in the rulemakings on directional antennas and IF spacing requirements. He has persuasively shown that these dispositions do not provide the requisite "reasoned analysis." The Commission, regrettably, was not as swiftly and fully forthcoming as it might have been in owning up to its altered approach. See Walter P. Faber, Jr., 4 F.C.C.R. 5492, 5493 p 7 (1989) (first order denying reconsideration) ("There has been no change in the Commission's policy and practice regarding IF spacing waivers.").
 
 
 8
 Nevertheless, the Commission has now accounted adequately for its current exacting position on waiver of IF spacing rules, and it is generally open to an agency to apply a newly announced rule or policy in the adjudicatory proceeding before it. Clark-Cowlitz Joint Operating Agency v. FERC, 826 F.2d 1074, 1081 (D.C.Cir.1987) (en banc ), cert. denied., 485 U.S. 913 (1988). "[R]etrospective application can properly be withheld when to apply the new rule to past conduct or prior events would work a 'manifest injustice.' " Id. (quoting Thorpe v. Housing Authority of the City of Durham, 393 U.S. 268, 282 (1969)). The equities here, however, are not so compelling as to justify a court order forcing prospectivity on the FCC.
 
 
 9
 Faber stresses that, in applying to build his transmitter on a new site, he diligently researched and reasonably relied on the Commission's past practice regarding waivers of IF spacing requirements. He furthermore refers to the advice he received from FCC staff. The time and money he has spent on his modification application, however, do not mandate the dispensation he seeks.
 
 
 10
 We emphasize first that a court confronting the Commission's refusal to waive an FCC regulation "operate[s] within a narrow scope of judicial review." Thomas Radio Co. v. FCC, 716 F.2d 921, 924 (D.C.Cir.1983). To prevail on appeal, Faber "must show that the Commission's reasons for declining to grant the waiver were so insubstantial as to render that denial an abuse of discretion." WAIT Radio v. FCC, 459 F.2d 1203, 1207 (D.C.Cir.), cert. denied, 409 U.S. 1027 (1972). Faber's case does not meet that stringent standard.
 
 
 11
 As earlier noted, the FCC, in its second order on reconsideration, acknowledged that it had previously granted IF spacing waivers under circumstances similar to those claimed by Faber in his application. See Walter P. Faber, Jr., 6 F.C.C.R. at 3602 p 7. The Commission announced, however, that it would no longer follow its prior practice of granting IF waivers based on a showing of no 20 mV/m contour overlap, because of the "serious consequences" IF interference entails. Id. at 3602 p 8. More disturbing than co-channel and adjacent-channel interference, IF interference potentially can block all FM signals to area listeners. Id. at 3602-03 pp 7-9, 12. To guard most expeditiously against IF interference, the FCC has now determined to require IF distance separation waiver applicants to show that fully-spaced or less short-spaced sites are unavailable. Id. at p 12. We are not prepared to set aside as "arbitrary and capricious conduct" the Commission's denial of a waiver to Faber, based on this newly announced policy. See Thomas Radio, 716 F.2d at 925 (upholding FCC's denial of waiver to applicant in proceeding overruling prior Commission precedents granting waivers in similar circumstances).
 
 
 12
 We are furthermore mindful, in rejecting Faber's plea of "manifest injustice," that he retains an effective permit to build his broadcasting facility at a site that will adequately serve Midvale, Utah, his station's community of license. See Walter P. Faber, Jr., 6 F.C.C.R. at 3602 pp 9, 13. Understandably, Faber wants KQMB to serve a larger listening population and to provide a stronger signal to Midvale. However, we cannot gainsay the Commission's judgment that a tightly-administered distance separation regime will serve the public better than a dispensation policy sensitive to each applicant's operating convenience and economic advantage.
 
 
 13
 In sum, given the "limited judicial scrutiny permitted" on appeal from a waiver denial, Thomas Radio, 716 F.2d at 925, and the absence of such "manifest injustice" as would require a departure from the general rule calling for retroactive application of newly announced policies in agency adjudications, the Commission's decision to deny Faber's application is
 
 
 14
 Affirmed.