**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CENTRAL MERCEDITA, INC., Respondent.**

**No. 5599.**

United States Court of Appeals First Circuit.

Dec. 31, 1959.

Thomas J. McDermott, Associate General Counsel, Washington, D. C., for petitioner on petition for summary enforcement.

Orlando J. Antonsanti, San Juan, P. R., for respondent on answer to petition for summary enforcement.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

This is a petition by the National Labor Relations Board for summary entry of a decree enforcing an order issued by the Board against the respondent, a corporation engaged in Ponce, Puerto Rico, in the business of processing cane into sugar and related products. The jurisdiction of the Board and of this court is clear. The question, as we see it, is whether we should exercise our jurisdiction in view of the following circumstances.

On April 21, 1959, a Trial Examiner for the Board, upon completion of the usual procedures, issued an Intermediate Report finding that the respondent by certain labor practices which he found to be unfair and violated § 8(a) (1) and (3) of the Labor Management Relations Act, 1947,[1] and recommending that an order be entered by the Board requiring the respondent to cease and desist from those unfair labor practices and to post the usual notices. On the same day the Board entered an order transferring the case to the Board and served the respondent by registered mail with copies of its order of transferal and of the Intermediate Report and also, quoting relevant sections of the Act and of its Rules and Regulations, gave notice to the respondent that if it chose to file exceptions to the Intermediate Report it must do so within 20 days from the date of the order transferring the case to the Board or else all objections and exceptions thereto "shall be deemed waived for all purposes, and the Intermediate Report and Recommended Order

shall be adopted by the Board." Respondent's counsel immediately notified the Board that he intended to file exceptions to the Intermediate Report and within the 20-day period he requested a 30-day extension of the time within which to do so. The Board granted only a twelve day extension, notifying the respondent by telegram: "Date for receipt of exceptions and briefs in Washington is extended to May 26, 1959." On May 26, 1959, counsel for the respondent sent his exceptions to the Intermediate Report and his brief in support thereof by registered mail from San Juan, Puerto Rico, and his papers were received at the offices of the Board in Washington two days later on May 28. The Board rejected the respondent's exceptions as untimely filed and on June 2, 1959, issued an order adopting the Trial Examiner's findings, conclusions and recommendations because it had not received timely exceptions.

On June 4 the respondent by motion asked the Board to set aside its order of two days before and reopen the case to consider its exceptions and brief as though timely filed. In support of the motion respondent's counsel stated that the reasons for his failure to file respondent's exceptions on time were that he "had to absent himself from Puerto Rico on an urgent business trip to the States," that he was then preparing two briefs in cases pending in the Supreme Court of Puerto Rico and perfecting an appeal to this court in another case, and that at the time a strike of telephone employees and taxi drivers was seriously disrupting business transactions, communications and transportation in Puerto Rico and seriously interfering with his office and business routine. The Board denied the motion to set aside its order of June 2 and now petitions us for summary enforcement of that order.

The respondent in its answer to the Board's petition for summary enforcement of its order not only asks us to deny the Board's petition but as additional

1. 61 Stat. 140, 29 U.S.C.A. § 158.

relief asks us to remand the case to the Board with directions to accept the respondent's exceptions and brief and to proceed to hear and determine the case in accordance with the Act and the Board's Rules and Regulations.

Section 10(e) of the Act, 29 U.S.C.A. § 160(e), after giving the Board power to petition the court of appeals for the circuit wherein the unfair labor practice in question occurred for enforcement of its orders, provides that on the filing of such a petition and after giving notice the court shall have jurisdiction of the proceeding and power to make and enter on the pleadings, testimony and proceedings set forth in the transcript "* * * a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board. No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."

■ It seems to us that under the circumstances the Board acted rather arbitrarily in defaulting the respondent because its exceptions were only two days late. However, we shall not pause to consider our power to grant the additional relief requested by the respondent. Instead we shall simply decline *summary* enforcement of the Board's order.

■ In decreeing enforcement the courts of appeals do not act as mere ministerial agencies to execute orders of the Board. See Mr. Chief Justice Stone concurring in National Labor Relations Board v. Cheney Cal. Lumber Co., 1946, 327 U.S. 385, 390, 66 S.Ct. 553, 90 L.Ed. 739. "The jurisdiction to review the orders of the Labor Relations Board is vested in a court with equity powers, and while the court must act within the bounds of the statute and without intruding upon the administrative province, it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action." Ford Motor Co. v. National Labor Relations Board, 1939, 305 U.S. 364, 373, 59 S.Ct. 301, 307, 83 L. Ed. 221. See also Hecht Co. v. Bowles, 1944, 321 U.S. 321, 64 S.Ct. 587, 88 L. Ed. 754. Our enforcement powers being equitable in their nature, we look to the facts and circumstances of this particular case to see if the relief sought is consistent with the basic principles underlying the exercise of equity jurisdiction which are flexibility rather than rigidity and relief molded to fit the needs of the particular case. See N. L. R. B. v. Kingston Cake Co., 3 Cir., 1953, 206 F. 2d 604, 611, quoting with approval N. L. R. B. v. Globe Automatic Sprinkler Co., 3 Cir., 1952, 199 F.2d 64, 70.

■ Turning then to the case at bar it is evident that this is not one in which the respondent made no attempt to file exceptions to the Intermediate Report and offers no excuse for its failure to do so. On the contrary, the respondent here filed its exceptions with the Board but did so two days late for reasons which seem on their face to be entirely adequate. We do not, of course, express any view or give any intimation as to whether the exceptions are well taken. It is enough for present purposes to say that the respondent's exceptions do not appear to be frivolous. Nor do we now finally commit ourselves as to whether we would excuse the respondent's failure to urge its exceptions on time "because of extraordinary circumstances." If the Board should see fit to press for a decree of enforcement on the present record we shall consider that question with the merits. It will suffice to say that as a court of equity we are not, under the circumstances disclosed, moved *summarily* to decree enforcement of the order of the Board.

An order will be entered denying the Board's petition for the summary entry of a decree enforcing its order.