## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## The WASHINGTON STAR COMPANY, Respondent.

### No. 83–1920.

United States Court of Appeals, District of Columbia Circuit.

April 24, 1984.

designate for hearing the station's renewal application, *see id.* § 307(c).

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., for petitioner.

Betty Leach, Richard N. Appel, Washington, D.C., and Lawrence D. Levin, for respondent.

Before WILKEY and MIKVA, Circuit Judges, and McGOWAN, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

On December 21, 1981, the General Counsel of the National Labor Relations Board ("NLRB" or "the Board") issued a complaint and notice of hearing charging The Washington Star Company ("the Star") with violations of the National Labor Relations Act ("NLRA" or "the Act"). Trial was held on these charges before an Administrative Law Judge, which resulted in a finding that the Star had violated the Act. On March 21, 1983, the case was transferred to the Board. The Board established by order of April 12, 1983 a filing date of April 29, 1983 for the Star's exceptions to the Administrative Law Judge's decision. On Friday, April 29, 1983, after business hours, the Star mailed its exceptions to the NLRB. The filing was postmarked that same day, but was not received by the Board until Monday, May 2, 1983.

The Board rejected the Star's exceptions as untimely filed. On June 1, 1983, the Board rejected the Star's Motion for Reconsideration. On June 7, 1983, the Board

Accordingly, we deny CTC's motion for a remand in this case.

issued an order adopting the findings and conclusions of the Administrative Law Judge. The Board now seeks enforcement of this order. In turn, the Star asks us to rule that the Board abused its discretion in refusing to accept the exceptions and asks us either to accept the exceptions for consideration in this enforcement proceeding or to remand this matter to the Board with instructions to consider the Star's exceptions and to render a decision on the merits.

A party seeking to file exceptions to a decision must do so within twenty days from the date of the order transferring the case to the Board or within such further period as the Board may allow. 29 U.S.C. § 160(c) (1976) and 29 C.F.R. § 102.46(a) (1983). In the event that no timely or proper exceptions are filed, the findings, conclusions and recommendations of the Administrative Law Judge automatically become the decision and order of the Board and all objections and exceptions thereto shall be deemed waived. 29 C.F.R. § 102.-48(a) (1983). When the Act or any of the regulations promulgated thereunder require a filing with the Board in any proceeding, such filing must be received by the Board before the close of business of the last day of the time limit set for such filing. 29 C.F.R. § 102.114(b) (1983).

Section 10(e) of the Act, 29 U.S.C. § 160(e) (1976), grants the Board the power to petition the United States Court of Appeals for the District of Columbia for enforcement of its orders. Section 10(e) provides this court jurisdiction over such a proceeding and the power to order on the pleadings, testimony and proceedings set forth in the transcript "a decree enforcing, modifying and enforcing as so modified, or setting aside in whole or in part the order of the Board. No objection that has not been urged before the Board ... shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."

There is no dispute that the Star's filing was late. Nor is there any dispute that the normal consequence is waiver of the untimely exceptions. The issue presented is whether this harsh result is appropriate under these circumstances.

A counsel's lack of familiarity with the NLRB's regulations *alone* is not such an excusable circumstance. *NLRB v. Good Foods Manufacturing & Processing Corp.*, 492 F.2d 1302, 1305 (7th Cir.1974); *NLRB v. Izzi*, 343 F.2d 753, 755 (1st Cir. 1965). When, however, good faith efforts to comply with Board regulations are made and no prejudice would result to any party, courts as well as the Board have excused untimely filings. *See, e.g., NLRB v. Central Mercedita, Inc.*, 273 F.2d 370 (1st Cir. 1959); *In New York Sheet Metal Works, Inc.*, 243 NLRB 967 (1979); *World Publishing Co.*, 220 NLRB 1065 n. 2 (1975).

In *NLRB v. Central Mercedita, Inc.*, 273 F.2d 370 (1st Cir.1959), the First Circuit held that the Board had acted arbitrarily in defaulting a party because its exceptions were filed "only two days late". The court accordingly refused to grant the Board's petition for summary enforcement of its order. In that instance, counsel for respondent had failed to file timely exceptions with the Board because of the urgent need to prepare briefs for appeal in three other matters. Counsel petitioned the NLRB for an extension of time, but was granted less than half the requested extension. The First Circuit noted that these circumstances did not present the normal situation where the respondent makes no attempt to file exceptions on time and offers no excuse for the failure. "On the contrary, the respondent here filed its exceptions with the Board but did so two days late for reasons which seem on their face to be entirely adequate." 273 F.2d at 372.

In its initial filings, the NLRB argued that the extraordinary circumstances exception was strictly limited to cases involving a late filing due to clearly unavoidable conditions or the Board's own negligence. The Board urged that this was a simple case of an attorney misreading the NLRB regulation on filing deadlines. The Star's

response indicated, however, that this matter was not the simple summary enforcement case presented by the NLRB. The Star had prepared a thirty-three page brief in advance of the filing date and had taken steps to ensure timely filing in the belief that postmarking the filing on or before the due date was the required procedure to make an effective filing with the Board.[1] Difficulties arose, however, in the final typing, indexing and pagination of the brief. This delayed the Star's filing until the due date. Realizing that time was critical, the Star had the filing taken by messenger to the main Washington Post Office to insure that it would be postmarked on the due date. It did this even though it could have instructed the messenger to deliver it directly to the NLRB. Because the Star believed it was necessary under the Board's regulations to secure a postmark to meet the filing requirements it took the action it did. Thus, the filing which was due at the NLRB by the close of business on Friday was not received there until the following Monday morning. As a consequence, the charging parties received its notice of the exception prior to the date it might have received it if the regulations had been strictly followed—a copy of the notice filed with the Board on the day prescribed and a copy sent to the charging party by mail on that date. While this does not cure the untimely filing it does exemplify the total absence of prejudice to the parties in interest.

After reviewing the initial filings of the parties, we recognized that this case did not quite fit into any neat characterization. On the one hand, the untimely filing could not be attributed to a clearly unavoidable condition nor was the NLRB implicated as a cause of the delay. Yet, on the other hand, this was also not the case where a respondent had entirely neglected to file exceptions or had filed so late that the filing could not be regarded as in good faith. Indeed, here the Star clearly acted in good faith and the *de minimis* delay that did result caused no prejudice to any party. Accordingly, we directed the parties to file supplemental memoranda addressed to the question:

> What *specific* policy concerns support or militate against a narrow interpretation of the statutory exception to the filing of timely objections because of "extraordinary circumstances" set out in 29 U.S.C. § 160(e) (1976)?

The NLRB's response correctly noted that the Board has broad discretion in making and applying its own procedural regulations (such as filing deadlines) and that reviewing courts have generally refused to set aside the Board's construction of its own rules unless such construction was arbitrary. Therefore, the NLRB argued, that because the "extraordinary circumstances" language does not enlarge a court's power of review, this Court must defer to the Board's construction. The Board did not point to any particular policy which requires such a strict interpretation, nor did it reconcile this interpretation with deviations therefrom which the Board and the courts have previously employed to avoid application of such a strict construction of the Board's filing rules. In contrast, the Star called to the attention of the Court an important policy consideration which argued against adoption of the narrow interpretation of Section 10(e) urged

---

1. This confusion is a product of the opaque captions and curious wording of the pertinent NLRB regulations. *Compare* 29 C.F.R. § 102.113(a) (1983):

§ 102.113 Date of Service; filing of proof of service.

(a) The date of service shall be the day when the matter served is deposited in the United States mail or is delivered in person, as the case may be. In computing the time from such date, the provisions of § 102.114 apply.
. . . .

*with* 29 C.F.R. § 102.114(b) (1983):

§ 102.114 Time; additional time after service by mail.
. . . .

(b) When the act or any of these rules require a motion, brief, exception, or other paper in any proceeding, such document must be received by the Board or the officer or agent designated to receive such matter before the close of business of the last day of the time limit, if any, for such filing or extension of time that may have been granted.

by the Board. The Star contended that the underlying policy of the Act—to resolve unfair labor practices on their merits [2]—argues against a narrow interpretation of Section 10(e). Indeed, the Star had previously called the court's attention to instances where the Board itself had accepted late filings under similar circumstances in order to effectuate this underlying policy of the Act. *See, e.g., In New York Sheet Metal Works, Inc.*, 243 NLRB 967 (1979) ("[I]t would effectuate the policies of the Act to apply liberally our filing deadlines in this case.").

The NLRB's insistence on strict adherence to its filing regulations in that narrow category of cases where a party makes a good faith, though mistaken, effort on the due date to file by mail is arbitrary when no prejudice would accrue to any party. The NLRB admits that it accepts filings mailed one day before the due date, even if they do not reach the Board's offices until after that date, since it acknowledges that the party made a good faith effort to comply. *See* Response of the NLRB to the Star's Opposition to the Application for Summary Entry of a Judgment Enforcing its Order at 2. Indeed, contrary to the strict application of its filing requirements the Board urges here, it has in the past been willing to waive them in circumstances where parties demonstrated less good faith than the Star did here. *See, e.g., St. Bernadette's Nursing Home*, 234 NLRB 835 n. 1 (1978) (filings mailed in Philadelphia on January 4 and due in Washington on January 5 accepted though arrived late because "in the normal course, they would have been delivered" on the due date); *Magic Chef, Inc.*, 181 NLRB 1136 n. 1 (1970) (exceptions filed over two weeks late accepted because union failure to file in timely manner was an "oversight" and no prejudice would result to any party). Given the Board's record of inconsistent application of the filing deadline, we find the decision of the Board here puzzling to the point of arbitrariness. *See Cappadora v. Celebrezze*, 356 F.2d 1, 6 (2d Cir.1966)

(Friendly, J.) ("[a]nd once appropriate rules have been established, the discretion conferred in day to day administration cannot have been assumed to extend to unreasonable deviation from such rules on an *ad hoc* basis at the whim of the Administration," lest it constitute agency action which is arbitrary, capricious and an abuse of discretion under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)). *See generally* Note, *Violations by Agencies of their Own Regulations*, 87 Harv.L.Rev. 629 (1974).

If the Board articulates its reasons for a strict rule that requires filings to be in hand on the due date and announces that it will apply this rule uniformly or with specific stated exceptions then this court would be obliged to defer to the Board's discretion and authority. Under such circumstances there would be no reason not to enforce the Board's order on request. The present sometimes-yes, sometimes-no, sometimes-maybe policy of due dates cannot, however, be squared with our obligation to preclude arbitrary and capricious management of the Board's mandate. *See* 5 U.S.C. § 706(2)(A) (1976). We accordingly decline to enforce the Board's order and remand this matter to the Board for consideration of the Star's exceptions in the first instance as required by *South Prairie Construction Co. v. Operating Engineers*, 425 U.S. 800, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976). We, of course, express no opinion on the merits of the exceptions.

---

**2.** In fact, the Board's own regulations provide that its rules "shall be liberally construed to effectuate the purposes and provisions of the Act." 29 C.F.R. § 102.121 (1983).