1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 NATIONAL LABOR RELATIONS BOARD Petitioner,
v.
CARPENTERS LOCAL 209, United Brotherhood of Carpenters and
Joiners of America, AFL-CIO, Respondent.
 No. 91-70761.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided July 15, 1993.
 
 Before BROWNING, TANG and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The National Labor Relations Board ("Board") petitions for enforcement of its order finding that respondent Carpenters' Local 209 ("Union") violated section 8(b)(1)(A) of the Labor Management Relations Act of 1947 ("Act"), 29 U.S.C. Sec. 158(b)(1)(A) (1988), which forbids union interference with employee rights protected by the Act. We grant enforcement of the Board's order.
 
 
 3
 * With regard to the two picket-line altercations that the Board held to constitute unfair labor practices, the Administrative Law Judge ("ALJ") expressly credited Perry Chamberlain's and Paul Wiley's testimony and dismissed Joseph Eickholt's accounts of the two incidents as "implausible." The ALJ's findings of fact were all supported by testimonial evidence and are not clearly erroneous. We therefore accept the facts as summarized in the ALJ's findings.
 
 II
 
 4
 The Union argues that there is no evidence in the record that Chamberlain was an "employee" within the meaning of the Act or that the Chamberlain altercation was reported to any employee, and thus the General Counsel failed to carry the burden of proving the elements of an unfair labor practice. See NLRB v. Transportation Management Corp., 462 U.S. 393, 401 (1983). The NLRB, however, treats exclusion from the Act as an affirmative defense rather than requiring proof of employee status as part of the prima facie case. See Hicks Oil & Hicksgas, Inc., 293 N.L.R.B. 84, 91 (1989) ("A worker is presumed to be a statutory employee, and the burden of proving that a worker is a supervisor ... falls on the party who would remove the worker from the class of workers protected by the Act."), enf'd, 942 F.2d 1140 (7th Cir.1991). We have previously agreed with this view. NLRB v. Bakers of Paris, Inc., 929 F.2d 1427, 1445 (9th Cir.1991) ("The burden of proving supervisory status rests upon the party asserting it."). Although section 10(c) of the Act provides that the Board must find an unfair labor practice by a "preponderance of the testimony," 29 U.S.C. Sec. 160(c) (1988), "[s]ection 10(c) places the burden on the General Counsel only to prove the unfair labor practice, not to disprove an affirmative defense." Transportation Management Corp., 462 U.S. at 401 n. 6. The General Counsel was not required to prove that Chamberlain was an employee of Paxin Electric rather than a supervisor.
 
 III
 
 5
 The Union also argues that Eickholt's actions did not violate section 8(b)(1)(A) because they were not "egregious" or "part of a design to interfere with employee rights." There is no requirement, however, that intimidation or coercion be egregious or part of a design in order to violate the Act. See Highway Truck Drivers & Helpers Local 107 v. NLRB, 273 F.2d 815, 818 (D.C.Cir.1959) (union representative's single threat of physical violence violated section 8(b)(1)(A)). The test for a violation of section 8(b)(1)(A) is " 'whether the misconduct is such that, under the circumstances existing, it may reasonably tend to coerce or intimidate employees in the exercise of rights protected under the Act.' " NLRB v. Service Employees Int'l Union, Local 254, 535 F.2d 1335, 1337-38 (1st Cir.1976) (quoting Local 542, Int'l Union of Operating Eng'rs v. NLRB, 328 F.2d 850, 852 (3rd Cir.), cert. denied, 379 U.S. 826 (1964)).
 
 
 6
 The Board's finding that Eickholt's misconduct would reasonably tend to have an intimidating or coercive effect is supported by substantial evidence. Eickholt intentionally provoked confrontations with two non-union individuals who were attempting to cross the Union's picket line in front of the jobsite. These confrontations involved physical violence and seizure of and damage to personal property. Employees could reasonably have viewed Eickholt's conduct as a warning to avoid crossing the picket line. See NLRB v. Union Nacional de Trabajadores, 540 F.2d 1, 10 (1st Cir.1976) ("natural consequence" of union's unprovoked attack on supervisor was "to impress upon [employee] what might befall him if he continued to oppose the Union"), cert. denied, 429 U.S. 1039 (1977); NLRB v. Taxicab Drivers Union, Local 777, 340 F.2d 905, 909 (7th Cir.1964) (union's assaults against employees crossing picket line were "a reliable indication of what might well befall [employees] if they sought to continue their work"). We therefore affirm the Board's holding that Eickholt's conduct was coercive and violated section 8(b)(1)(A).
 
 IV
 
 7
 Finally, the Union challenges the Board's cease and desist order as overly broad. Section 10(e) of the Act provides that "[n]o objection that has not been urged before the Board ... shall be considered by the court [of appeals], unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. Sec. 160(e) (1988). In its exceptions to the ALJ's decision, the Union raised only a general objection to the remedy claiming that "Respondent has not violated the Act and a remedy is not warranted." This general exception failed to give the Board adequate notice of the specific issue the Union now raises. See NLRB v. Seven-Up Bottling Co. of Miami, 344 U.S. 344, 350 (1953); 29 C.F.R. Sec. 102.46(b)(1)(i) (1992) (exceptions to ALJ's decision "shall set forth specifically the questions of procedure, fact, law, or policy to which exception is taken"). We lack jurisdiction to address the Union's unpreserved claim. Woelke & Romero Framing, Inc. v. NLRB, 456 U.S. 645, 665-66 (1982); NLRB v. International Bhd. of Elec. Workers, Local 952, 758 F.2d 436, 439-40 (9th Cir.1985).
 
 
 8
 We reject the Union's argument that the Board's order is not subject to the requirement of a particularized objection because it is punitive rather than remedial. First, the cases discussing punitive orders deal with limitations on the Board's authority to impose affirmative remedies such as penalties or fines. See Local 60, United Brotherhood of Carpenters & Joiners of Am. v. NLRB, 365 U.S. 651, 655 (1961); Republic Steel Corp. v. NLRB, 311 U.S. 7, 11-12 (1940). The only affirmative action required by the order in this case was notice posting, which cannot be viewed as punitive. Second, the cited cases do not impose any limitations on the contemporaneous objection requirement. ENFORCEMENT GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3