12 F.3d 1107
 148 L.R.R.M. (BNA) 2320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SHOW INDUSTRIES, INC., Respondent.
 No. 91-70765.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided Nov. 17, 1993.
 
 Before: KOZINSKI, SILER,** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 This case is before the court on the National Labor Relations Board's ("the Board") application for enforcement of an order requiring Show Industries, Inc. ("the Company") to bargain with and provide information to General Warehousemen Local 598 ("the Union"). For the following reasons, we enforce the Board's order.
 
 Background
 
 3
 An election was held to determine whether the Company's employees favored certification of the Union as a collective bargaining representative. The Company alleged irregularities in the election process but the regional director recommended that the Company's objections be overruled. Nevertheless, the Board remanded the case to a hearing officer to resolve allegations that the ballot box was left unattended with its seals broken and that the Union affected the vote by promising waiver of initiation fees to employees who supported the Union.
 
 
 4
 On remand, the hearing officer determined that the allegations were unfounded and recommended that the remaining objections be overruled. March 13, 1991 was the deadline for filing exceptions. The Company requested an extension, by overnight delivery, to April 11, 1991. The Board granted an extension to March 22, 1991 over the Union's objection. On March 18, 1991, the Company again requested an extension to April 11, 1991, this time via facsimile and overnight delivery. The Company did not tell the Board how it served the Union and so the Board advised the Company to serve the Union by facsimile. The Company's counsel agreed to do so, but forgot. Instead, the Company served the Union by regular mail.
 
 
 5
 The Board had received no response from the Union on March 21, 1991, and therefore granted a second extension until April 1, 1991, the day the Company filed its exceptions. The Union received notice of the second extension request on March 21, 1991, and objected to it on March 25, 1991, and again on April 12, 1991. When the Board learned that the Union was not notified of the second extension request until March 21, it withdrew the extension and rejected the Company's April 1, 1991 exceptions. The Board subsequently adopted the recommendation of the Hearing Officer and certified the Union as the exclusive collective bargaining representative. On June 13, 1991, the Board denied the Company's request for reconsideration of the decision rejecting the Company's April 1, 1991 exceptions.
 
 
 6
 After receiving certification, the Union requested collective bargaining with the Company and asked the Company to supply it with relevant information. The Company refused these requests on the ground that the Union was improperly certified. On November 8, 1991, the Board decided that the Company was in violation of 29 U.S.C. Sec. 158(a) and ordered the Company to bargain with and provide information to the Union. The Board then filed an application for enforcement of the order with this court.
 
 Analysis
 
 7
 The Company failed to comply with the Board's regulation governing service of papers, which requires that "papers filed through facsimile transmission ... be served on all parties in the same or faster way as used to serve the [Board] office where filed." 29 C.F.R. Sec. 102.114(f). Instead, it served the Union by regular mail after serving the Board by facsimile and overnight delivery. The Company has not shown that it "attempt[ed] to substantially comply [with Sec. 102.114(f) ]" or that "compliance was not possible." Debolt Transfer, 271 N.L.R.B. 299, ---- (1984). Thus, the Board acted within Sec. 102.114(a)(2) in reconsidering and withdrawing the second extension.
 
 
 8
 The Company disputes the foregoing conclusion by arguing that its untimely filing is excused by the doctrine of unique circumstances or the doctrine of extraordinary circumstances. However, the former doctrine "applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989) (emphasis added); Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411-12 (9th Cir.1986) ("The unique circumstances doctrine only applies when a party delays filing a notice of appeal in reliance on judicial action that indicated to the party that its notice of appeal would be timely."). The latter doctrine applies only on behalf of a party who makes a good faith effort to comply with Board regulations. NLRB v. Washington Star Co., 732 F.2d 974, 975-77 (D.C.Cir.1984). This dispute does not involve the filing of an appeal and, as stated above, the Company did not make a good faith effort to comply with Sec. 102.114(f). Thus, neither doctrine excuses the untimely filing in this case.
 
 
 9
 ENFORCED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Eugene E. Siler, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3