15 F.3d 1088
 148 L.R.R.M. (BNA) 2320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BAY CITIES METAL TRADES COUNCIL, Respondent.
 No. 92-70448.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1993.*
Decided Dec. 23, 1993.
 
 Before: LAY,** THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The National Labor Relations Board petitions for enforcement of its order finding that Bay Cities Metal Trade Council ("the Union") violated Sec. 8(b)(1)(A) of the National Labor Relations Act, 28 U.S.C. Sec. 158(b)(1)(A), by threatening Union members employed at Southwest Marine, Inc. Specifically, the Board found that in a letter distributed before a scheduled strike, the Union threatened employee-members with fines and internal discipline if they crossed the Union's picket line after resigning their union membership; imposition of new initiation fees if they changed their membership status to financial core membership; and loss of health, welfare, and pension benefits if they resigned their union membership. We have jurisdiction, 29 U.S.C. Sec. 160(e), and we enforce the Board's order.
 
 
 3
 * The Union challenges the Board's finding that the letter was coercive within the meaning of Sec. 8(b)(1)(A). The Board's decision will be upheld if its findings of fact are supported by substantial evidence and it has correctly applied the law. NLRB v. Howard Elec. Co., 873 F.2d 1287, 1290 (9th Cir.1989). We will defer to the Board's interpretation of the Act if it is reasonable. Id.
 
 
 4
 We agree with the Board that the Union's threats to fine scabs and require new initiation fees were coercive. The letter stated that the Union does not recognize financial core membership; that members who quit the Union are scabs; and that scabs who crossed the picket line may be fined. It further stated that scabs who quit the union and later rejoined may have to pay a new initiation fee. A union may not impose fines and other discipline on an employee who crosses a union picket line after resigning his union membership. NLRB v. Granite State Joint Bd., Textile Workers' Union, Local 1029, 409 U.S. 213, 217 (1972).
 
 
 5
 The Union does not dispute the Board's assertion that the actions threatened are generally unlawful. Rather, it contends that because there are some situations in which fines and new initiation fees could be lawfully imposed, the statements did not constitute threats of illegal action. It further argues that the statements were not coercive because the letter explicitly indicated that any action taken would be "to the extent the law permits." We disagree. The fact that the Union could, under circumstances different from those outlined in the letter, impose these sanctions is immaterial. The statements were not directed at labor law experts but at unit employees, who cannot be expected to know the intricacies of the law. The clear implication of the statements was that the Union could lawfully take disciplinary action against any employee who crossed the picket line after resigning or becoming a core financial member, and that it would do so.
 
 II
 
 6
 The Union next argues that its statements regarding the loss of benefits were not coercive because they merely informed employee-members of potential actions by the trust funds that were beyond the Union's control. See NLRB v. Construction & Gen. Laborers' Union Local No. 534, 778 F.2d 284, 291 (6th Cir.1985) ("When a Union has merely objectively informed employees of those consequences of the employees' actions that are beyond the Union's control, no section 8(b)(1)(A) violation has occurred."). In this case, however, the Union provided no objective facts whatsoever to support its assertion that scabs might lose their benefits. Cf. NLRB v. Gissel Packing Co., 395 U.S. 575, 618 (1969) (employer's prediction as to effects that unionization might have on company "must be carefully phrased on the basis of objective fact to convey [his] belief as to demonstrably probable consequences beyond his control"). In the context of the other threats contained in the letter, the Board reasonably found that the unsubstantiated statements regarding benefits were also coercive.
 
 
 7
 ENFORCEMENT OF ORDER GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3