# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 24-1123**

**September Term, 2024**

FILED ON: APRIL 17, 2025

STARBUCKS CORPORATION, D/B/A STARBUCKS COFFEE COMPANY,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

WORKERS UNITED, SERVICE EMPLOYEES INTERNATIONAL UNION,
INTERVENOR

Consolidated with 24-1145

On Petition for Review and Cross-Application
for Enforcement of an Orders of the
National Labor Relations Board

Before: SRINIVASAN, *Chief Judge*, PILLARD and PAN, *Circuit Judges*.

## J U D G M E N T

This petition was considered on the record from the National Labor Relations Board ("the Board") and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED** and **ADJUDGED** that the petition for review be **DENIED** and the cross-application for enforcement be **GRANTED**.

\* \* \*

Petitioner Starbucks missed a deadline to make a filing before the National Labor Relations

Board.  Starbucks twice asked the Board to accept its late-filed papers, but the Board denied both requests on the ground that Starbucks failed to show excusable neglect for its untimely filing. Starbucks now claims that the Board abused its discretion in denying Starbucks's Motion to Accept Late-Filed Exception and Brief and subsequent Motion for Reconsideration of Extension Order. We conclude that the Board followed its established precedents and policies in making its rulings, and therefore did not abuse its discretion.  Accordingly, we deny Starbucks's petition for review and grant the Board's cross-application for enforcement of its decision and order.

**I.**

On November 27, 2023, an administrative law judge ("ALJ") found that Starbucks violated the National Labor Relations Act ("NLRA") by, *inter alia*, discharging two employees for their union activities.  In relevant part, the ALJ recommended that the Board order Starbucks: (1) to cease and desist from committing certain unfair labor practices, and (2) to reinstate the discharged employees, make them whole, and post a remedial notice.

The Board ordered Starbucks to file any exceptions to the ALJ's decision by December 26, 2023.  Starbucks subsequently requested and received an unopposed 30-day extension of time to file its exceptions, which moved the deadline to January 23, 2024.

The Board requires electronic filings to be made "by 11:59 p.m. of the time zone of the receiving office."  29 C.F.R. § 102.2(b).  The Board's regulations further specify that all electronic filings must comply with the Board's e-filing instructions, which are available on the Board's website. *See id.* § 102.5(c).   Those e-filing instructions warn that "[p]roblems with a user's . . . internet service provider, hardware, or software," and "user problems in understanding or following the E-Filing instructions . . . will not excuse an untimely filing."  J.A. 174.  The instructions further caution that "a user who waits until after close of business on the due date to attempt to E-File does so at his/her own peril." *Id.*  Although pdf format is the "preferred format," the instructions specify that "persons who do not have the ability to submit documents in pdf format may submit . . . documents in Microsoft Word format."  J.A. 338; *see* J.A. 175.

Starbucks did not meet the 11:59 p.m. deadline on January 23, 2024.  Its counsel electronically submitted the filing 24 minutes late, at 12:23 a.m. on January 24, 2024.  Counsel promptly filed a Motion to Accept Late Filed Exceptions and Brief.  She explained in the motion that, "upon attempting to effectuate the e-filing," she "was unable to convert the word documents in which the Exceptions and Brief were prepared into .pdf documents for e-filing due to computer malfunction and related technical complications, resulting in delay."  J.A. 85.  The Board General Counsel and the union both opposed Starbucks's motion.

Under the Board's procedural regulations, exceptions "may be filed within a reasonable time after the time prescribed," but "only upon good cause shown based on excusable neglect and when no undue prejudice would result."  29 C.F.R. § 102.2(d).  The Board denied Starbucks's Motion to Accept Late Filed Exceptions and Brief, stating that "[t]he asserted reason for the late filing — that counsel experienced technological problems — does not rise to the level of excusable

2

neglect." J.A. 179. The Board explained that it "has consistently held that a user's technological problems when attempting to e-file do not constitute excusable neglect" and that "parties who choose to file on the final day . . . assume the risk that something can go wrong." J.A. 179 (citing three prior orders). After denying Starbucks's motion, the Board adopted the ALJ's findings and conclusions, noting that no exceptions were timely filed.

Starbucks then filed a Motion for Reconsideration of the Board's Extension Order, reiterating that its attorney "was unable to convert" its filings into pdf format "due to computer malfunction." J.A. 187. But the Board denied Starbucks's Motion for Reconsideration and again explained that technological problems do not constitute excusable neglect. The Board further noted that its e-filing instructions specifically allow "persons who do not have the ability to submit documents in pdf format" to submit them in "Microsoft Word format." J.A. 338. Therefore, Starbucks's counsel "could have filed a Word document in order to meet the deadline," or "[a]t the very least, could have timely filed the Word documents and then requested that PDF copies be substituted at a later time." J.A. 338–39. The Board stated, moreover, that it and federal courts "have long held that computer malfunctions on the user's end do not constitute excusable neglect." J.A. 338.

Starbucks petitions for review of the Board's denials of its Motion to Accept Late-Filed Exceptions and Brief and its Motion for Reconsideration. The Board has filed a cross application for enforcement of its decision and order. The Board's order is final, and we have jurisdiction under 29 U.S.C. § 160(f).

## II.

The NLRA authorizes the Board "to make . . . such rules and regulations as may be necessary to carry out the provisions of [the Act]." 29 U.S.C. § 156. The Board thus enjoys "broad discretion in making and applying its own procedural regulations (such as filing deadlines)." *NLRB v. Wash. Star Co.*, 732 F.2d 974, 976 (D.C. Cir. 1984). And "we review the Board's procedural rulings" deferentially, "for abuse of discretion." *Napleton 1050, Inc. v. NLRB*, 976 F.3d 30, 39 (D.C. Cir. 2020) (cleaned up).

## III.

### A.

The Board did not abuse its discretion when it followed its clear policies and precedents to reject Starbucks's untimely filing. *See NRDC v. EPA*, 25 F.3d 1063, 1073 (D.C. Cir. 1994) ("An agency seldom acts arbitrarily when it acts in conformity with its unchallenged rules."). Under the Board's regulations, exceptions "may be filed within a reasonable time after the time prescribed . . . only upon good cause shown based on excusable neglect and when no undue prejudice would result." 29 C.F.R. § 102.2(d). The Board has announced its intention to enforce this requirement. *See Int'l Union of Elevator Constructors, Local No. 2 (Unitec Elevator Servs. Co.)*, 337 N.L.R.B. 426, 426–27 (2002).

3

Here, Starbucks argued that the lateness of its filings should be excused because Starbucks's counsel "was unable to convert the word documents in which the Exceptions and Brief were prepared into .pdf documents for e-filing due to computer malfunction and related technical complications, resulting in delay." J.A. 85. But the Board's regulations have made clear that electronic filings must comply with the Board's e-filing instructions. *See* 29 C.F.R. § 102.5(c). And those e-filing instructions explicitly warn users that last-minute technological issues will not support a showing of excusable neglect. J.A. 174 ("Problems with a user's . . . internet service provider, hardware, or software . . . will not excuse an untimely filing."). Indeed, the e-filing instructions further caution that "a user who waits until after close of business on the due date to attempt to E-File does so at his/her own peril." J.A. 174; *see also id.* ("[P]arties are strongly encouraged to file documents in advance of the filing deadline . . . in the event problems are encountered."). Accordingly, the Board has routinely declined to find excusable neglect in similar circumstances. *See, e.g.*, *M&M Affordable Plumbing, Inc.*, No. 13-CA-121459, 2018 WL 2086092, at *1 (N.L.R.B. May 3, 2018); *N.Y. Party Shuttle, LLC*, No. 02-CA-073340, 2017 WL 4925474, at *1 (N.L.R.B. Oct. 27, 2017). The Board did not abuse its discretion when it followed policies that were clearly articulated and have been consistently applied.

Moreover, counsel for Starbucks could have filed the exceptions as a Word document. Under the Board's e-filing instructions, "persons who do not have the ability to submit documents in pdf format may submit [documents] in Microsoft Word format." J.A. 338. That counsel for Starbucks was unaware of this option is no excuse. The Board has warned that "ignorance of the rules" does "not usually constitute 'excusable' neglect." *Unitec*, 337 N.L.R.B. at 427 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship.*, 507 U.S. 380, 392 (1993)).[1]

## B.

Starbucks is mistaken when it asserts that the Board's decision violated precedent from this court and others. To the contrary, our precedent provides support for the Board's decision. We have said, in applying the Federal Rules of Civil Procedure, that a "party's control over the circumstances accounting for the delay may be the most important consideration in an excusable neglect inquiry." *David E. Harvey Builders, Inc. v. Sec'y of Lab.*, 724 F. App'x 7, 9 (D.C. Cir. May 11, 2018) (cleaned up). Here, the Board reasonably determined that Starbucks's counsel had control over when to file and assumed the risk of technological problems by waiting until the last minute.

Starbucks's reliance on our decision in *NLRB v. Washington Star Co.* is misplaced. There, we held that the Board abused its discretion by failing to accept a late filing that was postmarked by the due date. *See Wash. Star*, 732 F.2d at 974, 977. But we explained that our holding was based on the Board's lack of clear guidance and its "sometimes-yes, sometimes-no, sometimes-

---

[1]    For the first time in its reply brief, Starbucks states that it would not have been able to file its documents in Word. But that fact was not presented to the Board. *See Unitec*, 337 N.L.R.B. at 426 (announcing the Board's intention to "enforce strict compliance with the requirement of Section 102," which requires parties to put forth "specific facts relied on" to support a late filing.).

maybe policy of due dates." *Id.* at 977. In response to *Washington Star*, the Board instituted its current procedural policies and vowed to strictly enforce them, as it did here. *See Unitec*, 337 N.L.R.B. at 427–28. We thus follow our own pronouncement in *Washington Star* that "if the Board articulates its reasons for a strict rule that requires filings to be in hand on the due date and announces that it will apply this rule uniformly or with specific stated exceptions then this court [is] obliged to defer to the Board's discretion." 732 F.2d at 977.[2]

Starbucks points to several district court decisions that granted extensions to parties who filed late and argues that the Board should have done the same here. But the cited cases are inapposite because none of them involve the interpretation and application of *the Board*'s procedural policies. In *Safex Found., Inc. v. Safelaunch Ventures Ltd.*, 694 F. Supp. 3d 1 (D.D.C. 2023), for example, a district court accepted a late filing under similar factual circumstances. *Id.* at 12 n.4. But the local rules in that district provided that "[t]he inability to complete an electronical filing because of technological problems *may* constitute 'cause' for an order enlarging time or 'excusable neglect' for the failure to act within the specified time." D.D.C. Local Rule 5.4(g)(4) (emphasis added). The Board's e-filing instructions, by contrast, clearly provide that "[p]roblems with a user's . . . hardware, or software . . . *will not* excuse an untimely filing." J.A. 174 (emphasis added).

## C.

Although Starbucks claims that it is the victim of inconsistent treatment by the Board, it cites Board decisions that are readily distinguishable. Several involved extensions granted under extraordinary circumstances that are plainly absent here. *See Ground Zero Found.*, No. 04-CA-245956, 2020 WL 2736327, at *1 n.1 (N.L.R.B. May 22, 2020) (COVID-19 pandemic); *Roy Spa, LLC*, 363 N.L.R.B. 1815, 1816 (2016) (Board General Counsel was prohibited by law from working during lengthy government shutdown). Many involved delays due to confusion created by Board employees. *See V. Garofalo Carting, Inc.*, 362 N.L.R.B. 1369, 1369–70 (2015) (regional office was "implicated in the delay because of a miscommunication"); *Int'l Alliance of Theatrical Stage Emps.*, 316 N.L.R.B. 808, 808 (1995) ("misunderstanding" with a Board lawyer likely caused the late filing). Others involve the wholly different context of timely submission of lists of eligible union voters, which are governed by different rules. *See Bon Appetit Mgmt. Co.*, 334 N.L.R.B. 1042, 1042–43 (2001); *Pole-Light Indust. Ltd.*, 229 N.L.R.B. 196, 196–97 (1977). And still others either predate the Board's 2002 announcement in *Unitec* that, in light of past inconsistencies, it had clarified its policies and would strictly enforce them, *see, e.g.*, *Pole-Light*,

---

[2] The Supreme Court's decision in *Pioneer Investments* does not require a contrary result. Although *Pioneer Investments* provided guidance regarding the "excusable neglect" standard in the context of the Federal Rules of Civil Procedure, it did not mandate the consideration of particular "factors" in evaluating excusable neglect, as Starbucks appears to believe. *See* Reply Br. 2–22; 507 U.S. at 394–95. Rather, *Pioneer Investments* made clear that the excusable neglect "determination is at bottom an equitable one," and listed some considerations as guideposts. 507 U.S. at 395; *see also United States v. Volvo Powertrain Corp.*, 758 F.3d 330, 345 (D.C. Cir. 2014) ("The district court was not required expressly to address each of those [equitable] factors one by one.").

5

229 N.L.R.B. at 196–97; *Stage Emps.*, 316 N.L.R.B. at 808; or were issued soon after the Board's e-filing rules were adopted, *see WGE Federal Credit Union*, 346 N.L.R.B. 183, 183 (2005) (recognizing that the e-filing rules were "relatively new" at the time). Finally, Starbucks cites to several examples where the other party did not oppose late submission, unlike in this case. *See Ground Zero Found.*, 2020 WL 2736327; *Starbucks Corp.*, No. 06-CA-294667 (N.L.R.B. Dec. 11, 2023), available at https://perma.cc/9E7V-7UCF (Office of the Executive Secretary's Order). Here, both the General Counsel and the union opposed Starbucks's motion.

Starbucks strays farther afield to rely on dissents from Board decisions and findings by ALJs. *See, e.g.*, *LaSalle Sw. Corr.,* No. 16-CA-264520, 2021 WL 3471605 (N.L.R.B. Aug. 5, 2021); *Remington Lodging & Hosp., LLC*, No. 19-CA-32148, 2011 WL 3793185 (N.L.R.B. Aug. 25, 2011); *Green Apple Supermarket of Jamaica, Inc.*, 366 N.L.R.B. No. 124, 5 n.6 (2018); *Landmark Family Foods, Inc.*, 356 N.L.R.B. 1357 (2011); *Altercare of Wadsworth Ctr. for Rehab. & Nursing Care, Inc.*, 355 N.L.R.B. 565 (2010); *see also* Br. 8, 15, 16, 19–20 (citing dissents from Board decisions). But dissents and ALJ decisions plainly do not establish that *the Board* acted inconsistently here.

\* \* \*

Because the Board did not abuse its discretion in declining to accept Starbucks's late-filed brief and exceptions, we deny the petition for review. And because no timely challenge to the Board's order was filed, we grant the Board's cross-application for enforcement. *See Camelot Terrace, Inc. v. NLRB*, 824 F.3d 1085, 1088–89 (D.C. Cir. 2016) ("the Board is entitled to enforcement of all unchallenged portions of its order").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

### Per Curiam

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk

6